# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARK H. ANDREW, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>HAMILTON COUNTY PUBLIC HOSPITAL (d/b/a Van Diest Medical Center), and LORI RATHBUN,<br><br>Defendants. | No. 17-CV-3053-MWB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DEADLINES** |

_____

## I. INTRODUCTION

This matter is before the Court pursuant to plaintiff's Motion to Extend Scheduling Order Deadlines. (Doc. 24). Plaintiff requests that deadlines for expert disclosures, completion of discovery, and dispositive motions be extended almost two months. Defendants resist plaintiff's motion, in part, agreeing only to a two-week extension of time for expert disclosures to be made. (Doc. 25). For the reasons that follow, the Court **grants in part and denies in part** plaintiff's motion.

## II. BACKGROUND

On May 12, 2017, plaintiff filed suit against defendants in state court, essentially claiming wrongful termination. (Doc. 2). On June 6, 2017, defendants removed this case to federal court. (*Id.*). On August 17, 2017, the Court entered a scheduling order setting, inter alia, the following deadlines:

| | |
|---|---|
| Plaintiff's expert disclosures: | Nov. 6, 2017 |
| Defendants' expert disclosures: | Jan. 8, 2018 |
| Plaintiff's rebuttal expert disclosures: | Feb. 8, 2018 |
| Completion of discovery: | Apr. 9, 2018 |
| Dispositive Motions: | May 9, 2018 |

(Doc. 12). Trial was scheduled for February 11, 2019. (Doc. 13). On October 27, 2017, plaintiff for the first time served written discovery requests on defendant. (Doc. 25, at 2). Responses are due November 27, 2017. (*Id.*).

### III. DISCUSSION

Plaintiff seeks an order extending the deadlines for disclosing experts, the discovery deadline, and the dispositive motion deadline. Specifically, plaintiff requests that the new deadlines are extended 30 days from the due date for defendants to respond to his written discovery:

| | |
|---|---|
| Plaintiff's expert disclosures: | Dec. 27, 2017 |
| Defendants' expert disclosures: | Feb. 25, 2018 |
| Plaintiff's rebuttal expert disclosures: | Mar. 27, 2018 |
| Completion of discovery: | May 26, 2018 |
| Dispositive Motions: | June 25, 2018 |

(Doc. 24, at 2-3).[1] As grounds for the extension, plaintiff argues that his expert is unable to prepare a report until he is able to review documents responsive to plaintiff's written discovery requests.

Defendants resist plaintiff's motion. Defendants do not object to a two-week extension of the expert disclosure deadlines, but resists extensions of all other deadlines on the ground that plaintiff has not shown good cause for extending the other deadlines.

A party moving to modify a scheduling order bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). *See also* FED. R. CIV. P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). The Eighth Circuit Court of Appeals has explained the Rule 16(b) "good cause" standard as follows:

---

[1] The Court notes that several of these proposed deadlines fall on weekends.

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* FED. R. CIV. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See*, *e.g.*, *Rahn*, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). Thus, the movant's diligence in attempting to comply with the scheduling order is the paramount issue.

Here, the Court finds that plaintiff has not demonstrated reasonable diligence in meeting the discovery deadlines to show good cause for extending the deadlines as requested. Plaintiff seeks relief here because responses to written discovery are not due until the end of November. But plaintiff was in a position to issue written discovery requests long before he did in this case. Plaintiff does not claim that new information

3

prevented him from serving discovery requests sooner.  In other words, the bind in which plaintiff now finds himself was of his own making.  Thus, plaintiff has failed to show good cause for such a lengthy extension of time.

Some relief is appropriate, however, particularly as defendants have agreed to some extension of expert disclosure deadlines and given that defendant has not demonstrated they will be truly prejudiced by a reasonable extension.  Accordingly, the Court **grants** plaintiff's motion in part and will extend the expert disclosure deadlines by 30 days.  The following deadlines will now govern in this case:

| | |
|---|---|
| Plaintiff's expert disclosures: | Dec. 6, 2017 |
| Defendants' expert disclosures: | Feb. 6, 2018 |
| Plaintiff's rebuttal expert disclosures: | Mar. 6, 2018 |

All other deadlines, and the trial date, will remain unchanged.

**IT IS SO ORDERED** this 6th day of November, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa